Quan v. Holder

BIA
Vomacka, IJ
A087 438 579

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

QINGZI QUAN,
> *Petitioner,*

> v.                                                      12-3719
>                                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Elizabeth R.
                       Chapman, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qingzi Quan, a native and citizen of the People's Republic of China, seeks review of an August 22, 2012, decision of the BIA affirming the February 8, 2010, decision of Immigration Judge ("IJ") Alan Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and denying her motion to remand based on ineffective assistance of counsel. *In re Qingzi Quan,* No. A087 438 579 (B.I.A. Aug. 22, 2012), *aff'g* No. A087 438 579 (Immig. Ct. N.Y. City Feb. 8, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because petitioner challenges only the BIA's denial of remand and does not challenge the pretermission of her asylum application as untimely or the denial of CAT relief, we address only whether the BIA abused its discretion by denying petitioner's motion for remand to apply for withholding of removal based on her practice of Christianity. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (issues not raised in an opening

2

brief are considered waived); *Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 151 (2d Cir. 2005) (reviewing denial of remand for abuse of discretion). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

To obtain remand based on ineffective assistance of counsel, a movant must establish that "counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005); *see also Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). This includes a showing that competent counsel would have acted otherwise and that counsel's performance resulted in actual prejudice to the petitioner. *See Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993).

Contrary to petitioner's contention, the BIA did not engage in impermissible fact-finding when it independently assessed the merits of petitioner's claim to relief based on her religious affiliation. While the BIA may not engage in independent fact-finding in the course of deciding appeals, *see* 8 C.F.R. § 1003.1(d)(3)(iv), we have recognized that fact-finding is necessary when evaluating motions to reopen or remand because that process requires consideration of allegedly new or previously unavailable evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Li Yong Cao*, 421 F.3d at 156-59. The BIA's determination on this point was a necessary part of evaluating whether petitioner was prejudiced by her former counsel's actions.

Furthermore, the BIA did not err in denying petitioner's motion to remand to the IJ in order to assess whether she should be granted relief from removal due to her religious affiliation. In denying the motion, the BIA reasonably relied on inconsistencies in the record before it regarding petitioner's conversion to Christianity and the lack of evidence that she would be subject to persecution. The BIA also reasonably relied on the IJ's underlying adverse credibility determination, *see* 8 U.S.C.

4

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  Thus the BIA did not abuse its discretion in declining to remand, *see Jian Hui Shao*, 546 F.3d at 168 (noting that burden on applicant is heavier on motion to reopen and applicant must show that "proffered new evidence would likely alter the result in her case.").

Petitioner's reliance on *Paul v. Gonzales*, 444 F.3d 148 (2d Cir. 2006), to challenge the BIA's consideration of the underlying adverse credibility determination is misplaced. In *Paul*, we held that the BIA abused its discretion by denying a motion to reopen based on changed country circumstances, where, despite an adverse credibility finding, the IJ had explicitly credited the movant's assertion regarding his religious affiliation that would likely result in persecution.  *Id*. at 152–55.  Here, unlike in *Paul*, the IJ did not find any aspect of petitioner's testimony credible, and the BIA reasonably relied on this general adverse credibility finding (along with other evidence) to find that petitioner did not adequately establish her religious affiliation.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–49 (2d Cir. 2007) (holding a general adverse credibility finding may justify a decision to reject other claims).

5

Because petitioner's assertion of ineffective counsel is based upon her former counsel's failure to raise her religious affiliation as grounds for relief, this claim also fails as the basis for remand.  Even had prior counsel requested relief based on petitioner's religious affiliation, the BIA has determined this claim would have failed.  Because a claim of ineffective counsel requires a showing of prejudice, *Jian Yun Zheng*, 409 F.3d at 46, where, as here, the allegedly ineffective conduct would not have affected the ultimate outcome of the proceedings, that claim fails.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk